USDC IN/ND case 1:20-cv-00403-HAB-SLC document 7 filed 10/16/20 page 1 of 4

Filed: 10/16/2020 3:38 PM
Clerk
Allen County, Indiana
BB

02D03-2010-CT-000514
Allen Superior Court 3

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- | --- |
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

| KHIN AYE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NISHIKAWA COOPER, LLC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The Plaintiff is Khin Aye is a resident of Fort Wayne, Indiana, County of Allen. The Plaintiff has the ethnic race of Barmar, and her national origin is Myanmar (a/k/a Burma/Burmese). The Plaintiff has distinct racial/ethnic characteristics and was an employee of Defendant, Nishikawa Cooper, LLC. Plaintiff is a Burmese employee who brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981, claiming that she did not enjoy and was not given the same contractual benefits of employment as non-Burmese workers at the Nishikawa Cooper, LLC workplace. Plaintiff started with the Defendant July 21, 1997 and worked there until February 13, 2018, when she was terminated.

2. The Defendant is the Nishikawa Cooper, LLC a foreign limited liability company doing business with an address of 2785 Persistence Drive, Fort Wayne, Indiana 46808, and a registered agent address of C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

3. The Plaintiff claims under Title VII and 42 U.S.C. § 1981 are set forth in her Charges of

–1–

Discrimination (No. 470-2018-01791 filed on March 4, 2018, attached hereto as Exhibit A and her NORTS dated July 20, 2020, attached hereto as Exhibit B) which are both incorporated herein.

4. The Plaintiff claims that she was employed by Defendant Nishikawa Cooper, LLC; that she was subjected to a hostile work environment, including forced to perform at a higher production rate then non-Burmese individuals, work harder than non-Burmese individuals, was subjected to different work rules then non-Burmese individuals, suffered disparage discipline compared to non-Burmese individuals (for example not being allowed to use the restroom or being punished for doing so); she was not allowed to talk or socialize as non-Burmese workers were allowed to do; she was yelled at and harassed when non-Burmese workers were not; Burmese employees suffered disparate termination when they did not meet production goals but non-Burmese workers were not so treated; and she was subjected to different work rules and faced more scrutiny then non-Burmese workers. In some cases, Defendant sabotaged the equipment used by the Burmese workers in order to develop false reasons for terminating and/or disciplining the Burmese workers. Furthermore, Defendant failed to communicate with the Burmese workers the same way it communicated with the American/non-Burmese workers, and made no effort to clearly communicate with the Burmese workers. In these ways and others, Defendant discriminated against the Plaintiff and violated the Plaintiff's rights under Title VII and 42 U.S.C. § 1981 (depriving the Burmese workers of the same at-will benefits of employment as American/non-Burmese workers).

5. Plaintiff has suffered discrimination, harassment, and hostility in the work place because

of her race and national origin and ethnicity. The actions of the Defendant with respect to the Plaintiff was intentional and in reckless disregard of the federally protected civil rights of the Plaintiff. The Plaintiff has suffered termination, loss of her job, loss of pay and benefits, mental anguish, emotional distress, inconvenience, humiliation, embarrassment, and/or other damages and injuries. The Plaintiff is entitled to compensatory damages and punitive damages.

6. Plaintiff requests declaratory and injunctive relief, to-wit, that Defendant correct its institutional discrimination and harassment of the Plaintiff and other Burmese workers, that it be declared that the institutional mistreatment and harassment of Burmese workers is unlawful and in violation of Title VII and 42 U.S.C. § 1981, and that the Court order Defendant to enter into a comprehensive agreement to improve the working conditions for all Burmese employees at Defendant's Fort Wayne, Indiana plant.

WHEREFORE, Plaintiff prays for judgment against the Defendant, including backpay, front pay, compensatory damages, punitive damages, injunctive and declaratory relief, and reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

/s/Christopher C. Myers
Christopher C. Myers, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307

Telephone: (260) 424-0600
Facsimile: (260) 424-0712
Email: cmyers@myers-law.com
*Counsel for Plaintiff*